UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff(s),<br><br>　　v.<br><br>BARRY RASHAD HARRIS,<br><br>　　　　　　Defendant(s). | Case No.2:24-CR-214  JCM (NJK)<br><br>ORDER |

Presently before the court is defendant Barry Harris' motion for notice of removal. (ECF No. 2). Also before the court is defendant's motion to proceed in forma pauperis. (ECF No. 3).

Harris was a criminal defendant in Nevada state court.[1] That case was closed on September 6, 2023, after a grand jury dismissal. *See State of Nevada v. Harris*, Case No. 22-CR-013558. Defendant filed this notice of removal under 28 U.S.C. § 1455 and Federal Rule of Civil Procedure 11. (ECF No. 2).

Pursuant to § 1455, a defendant "desiring to remove any criminal prosecution from a [s]tate court" to "file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed [in accordance with] Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant" in the state

---

[1] *See State of Nevada v. Harris*, Case No. 22-CR-013558 (Las Vegas Justice Township Court). The court takes judicial notice of the state-court case's public docket.

action.  28 U.S.C. § 1455(a).

That removal notice must be filed "not later than 30 days after the arraignment in the [s]tate court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant . . . leave to file the notice at a later time."  *Id*. at § 1455(b)(1).  The statute directs the United States district court to "examine the notice promptly" and summarily remand the case "[i]f it clearly appears on the face of the notice and any exhibits" attached "that removal should not be permitted."  *Id*. at § 1455(b)(4).

Because the state prosecution was closed on September 6, 2023, removal would be improper.  *See* 28 U.S.C. § 1455(a).

Moreover, on May 18, 2022, defendant had his initial appearance and arraignment in state court.  *See State of Nevada v. Harris*, Case No. 22-CR-013558.  Thus, even if the criminal case was still open, defendant has failed to file the instant notice of removal within 30 days after his arraignment as required by statute.  *See* 28 U.S.C. § 1455(b)(1).  Here, defendant does not present any evidence that good cause exists for his delay in removing this case.

Finally, even if defendant's notice of removal was timely, he fails to identify any statutory grounds supporting the notice of removal.  A state prosecution may be removed to federal court under 28 U.S.C. §§ 1442, 1442a, and 1443.  §§ 1442, 1442a do not apply because defendant is not an officer of the United States or a member of the armed forces.  Under § 1443, defendant has failed to show that a "right allegedly denied […] arises under a federal law providing for specific civil rights stated in terms of racial equality."  *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975).  Defendant's notice of removal is denied.

. . .

. . .

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for notice of removal (ECF No. 2) is DENIED.

IT IS FURTHER ORDERED that defendant's motion to proceed in forma pauperis (ECF No. 3) is DENIED.

The clerk of court is INSTRUCTED to close this case.

DATED October 22, 2024.

_____
UNITED STATES DISTRICT COURT